UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE I. FERNANDEZ,

    Plaintiff,

v.                                                                                   CASE NO. 8:22-cv-676-SDM-TGW

OFFICER SALSGIVER, *et. al.*,

    Defendants.
_____/

## **ORDER**

    This action proceeds under Fernandez's amended civil rights complaint (Doc. 10), in which he alleges that, while imprisoned in the Avon Park Correctional Institution, Defendants Colonel Carter, Captain Gains, Sergeant Zamont, and Officer Salsgiver violated his rights by forcing him to move into a cell occupied by a prisoner who threatened to harm Fernandez. Fernandez alleges that the other prisoner immediately attacked him when he entered the cell, that Col. Carter and Sgt. Zamont witnessed the attack, and that the officers had to use chemical agents to control the situation. Lastly, Fernandez represents that his injuries required stitches and caused sleep deprivation. Due to a failure to effect service of process, this action proceeds only against Officer Salsgiver.

    Defendant Salsgiver moves (Docs. 30 and 31) to compel Fernandez (1) to provide more complete answers to two of the initial interrogatories and one of the supplemental interrogatories and (2) to respond to the first request for production, a

request for admissions, and a supplemental request for production, which requests Fernandez has purportedly ignored. Fernandez has opposed neither the initial motion to compel nor the amended motion to compel.

Under Rule 37, Federal Rules of Civil Procedure, whether to compel discovery is left to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984); *In re Graddy*, 852 F. App'x 509, 513 (11th Cir. 2021)\* (quoting *Commercial Union*). Discovery is governed by the principles of relevance and proportionality, as Rule 26(b)(1) explains:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. The discovery requests attached to the motion to compel show that the information requested is both relevant and proportional. Consequently, the motions to compel have merit. Fernandez must cooperate in the discovery process, and he is cautioned that the failure to provide discovery might result in the imposition of sanctions identified in Rule 37(b)(2) and (c), which can include dismissal of this action.

---

\* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Lastly, Defendant Salsgiver timely moves (Doc. 32) for summary judgment under the previously established deadline. (Doc. 22) Because Fernandez has failed to provided discovery, the summary judgment is premature.

Defendant Salsgiver's motions (Docs. 30 and 31) to compel are **GRANTED**. Fernandez has **THIRTY DAYS** to respond to the discovery requests. Defendant Salsgiver's motion (Doc. 32) for summary judgment is **STRICKEN AS PREMATURE**. The deadline to move for summary judgment is extended to **MONDAY, NOVEMBER 20, 2023**.

ORDERED in Tampa, Florida, on August 31, 2023.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE